WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Green Jacket Auctions Incorporated, et al., <br> Plaintiffs, <br> v. <br> Augusta National Incorporated, <br> Defendant. | **Lead Case No. CV-18-00084-PHX-GMS** <br><br> **Case No. CV-18-01276-PHX-GMS** <br><br> **ORDER** |
| Green Jacket Auctions Incorporated, et al., <br> Plaintiffs/Counterdefendants, <br> v. <br> Augusta National Incorporated, <br> Defendant/Counterclaimant. | |

Pending before the Court are Defendant Augusta International Incorporated's Motion to Dismiss or Stay Plaintiff's Complaint to Avoid Duplicative Proceedings, and Motion to Transfer Venue. (Doc. 13).

## BACKGROUND

Defendant Augusta International Incorporated ("ANI") is a private golf club that operates the Masters Tournament in the state of Georgia. Plaintiff Green Jacket Auctions Incorporated ("Green Jacket") is a business that auctions golf memorabilia online. In 2006, Ryan Carey registered the domain name greenjacketauctions.com with GoDaddy,

LLC ("Registrar"). On November 14, 2017, ANI submitted a domain dispute complaint to the Internet Cooperation for Assigned Names and Number ("ICANN") alleging trademark violations against Green Jacket. (Doc. 13-3 at 2) ("ICANN Complaint"). Green Jacket responded that ANI should be found liable for reverse domain hijacking. (Doc. 4-1 at 2). A single member arbitration panel agreed with ANI, and ordered the Registrar to transfer the Domain Name from Green Jacket to ANI. (Doc. 14 Ex. G). Green Jacket then filed this lawsuit to appeal that determination. (Doc. 1).

Generally, complaints submitted to the ICANN are governed by the Uniform Domain-Name Dispute Resolution Policy ("UDRP"). UDRP paragraph 3(b)(xii) provides that any complaint to the ICANN must "state that the Complainant will submit, with respect to any challenges to a decision in the administrative proceeding, to the jurisdiction of the courts in at least one specified Mutual Jurisdiction." (Doc. 13-3 at 32). A mutual jurisdiction under the UDRP Rules is either a district where the principal office of the Registrar is located, or the domain-name holder's address. (Doc. 13-3 at 26). Here, the two mutual jurisdictions that meet the requirements of the UDRP Rules are the Middle District of Florida, where the domain-name holder's address is located, and the District of Arizona, where the Registrar's principal office is located.

ANI's ICANN Complaint provides:

> ANI requests that any challenges to a decision in the administrative proceeding canceling or transferring the Domain Name be heard before the Southern District of Georgia, Augusta Division, as that Court possesses the foundational knowledge concerning the infringing activities of Registrant/Respondent. If the Forum denies Complainant's request, Complainant will submit to the jurisdiction of Scottsdale, Arizona—the location of the principal office of the concerned registrar.

(Doc. 13-3 at 12).

After the arbitration panel issued its decision, ANI, Green Jacket, and the Registrar disagreed about the location of the mutual jurisdiction, so Green Jacket filed three lawsuits to appeal the decision by the arbitration panel. First, Green Jacket filed suit in the Middle District of Florida. (Doc. 14 Ex. E). ANI then argued to both the

Registrar and Green Jacket that the proper forum was in the Southern District of Georgia, or alternatively in the District of Arizona, but not the Middle District of Florida. (Doc. 14 Ex. H). After ANI objected to Green Jacket's choice of forum, Green Jacket then filed this lawsuit in the District of Arizona to avoid transfer of the domain name to ANI. (Doc. 1). Because of further confusion with the Registrar, Green Jacket later filed a complaint with the Southern District of Georgia to avoid immediate transfer of the domain name. (Doc. 14 Ex. M). The Georgia and Arizona complaints are nearly identical.

In April 2018 the Southern District of Georgia published an order and transferred that case to this Court. (Doc. 20-1 at 11). That order found that the Southern District had personal jurisdiction over Green Jacket for all claims in the complaint, but the "first-filed" rule required the Southern District of Georgia to transfer the case to the District of Arizona. The Southern District's analysis was limited to whether the action was filed in Arizona first, and whether the complaints were substantially similar. (*Id.*).

This Court must determine whether it has personal jurisdiction over the parties for each of the claims, and whether this case should be transferred to the Southern District of Georgia.

**DISCUSSION**

**I. Personal Jurisdiction**

"The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citations omitted). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Id.* (quotation marks and citations omitted). "The mere allegations of a complaint, when contradicted by affidavits, are not enough to confer personal jurisdiction over a nonresident defendant." *Chem Lab Products, Inc. v. Stepanek*, 554 F.2d 371, 372 (9th Cir. 1977) (citations omitted).

/ / /

To establish personal jurisdiction over a defendant, the plaintiff has the burden of showing that the exercise of jurisdiction comports with the state long-arm statute. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). Arizona's long-arm statute confers jurisdiction to the maximum extent allowed by the Due Process Clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a); *Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

Because the "personal jurisdiction requirement recognizes and protects an individual liberty interest it can, like other such rights, be waived." *Dow Chemical v. Calderon*, 422 F.3d 827, 830 (9th Cir. 2005) (internal citation and quotation marks omitted). Accordingly, "a litigant may give express or implied consent to the personal jurisdiction of the court . . . particularly in the commercial context." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985).

The personal jurisdiction issue here is limited to whether ANI consented to the jurisdiction of this Court when it filed the ICANN Complaint. (Doc. 14 at 3). Green Jacket does not suggest that the District of Arizona could exercise jurisdiction over ANI otherwise. (*Id*.).

ANI claims that it never consented to the jurisdiction of this Court, and that the parties "acquiesced" to the selection of the Southern District of Georgia as the mutual jurisdiction because no one ever objected during the ICANN proceedings. (Doc. 19 at 3–4). But the UDRP rules specifically require parties that file a complaint to submit to at least one of the two mutual jurisdictions for purposes of appeal from the arbitration panel's decision. (Doc. 13-3 at 26). And the arbitration panel never stated that the Southern District of Georgia was the proper mutual jurisdiction. Rather, it said in an email to the parties that the District of Arizona was the designated mutual jurisdiction for appeal. (Doc. 14-10 at 6) (identifying "location of Registrar" as mutual jurisdiction). Accordingly, ANI consented to this Court's jurisdiction for purposes of an appeal of the ICANN decision.

/ / /

ANI additionally argues that this Court does not possess jurisdiction over all of Green Jacket's claims. (Doc. 19 at 4). The UDRP rules require parties submit a mutual jurisdiction for "challenges to a decision in the administrative proceeding." (Doc. 13-3 at 32). In the ICANN proceedings, Green Jacket specifically argued that ANI was engaged in reverse domain hijacking. (Doc. 4-1 at 6). And in its decision, the arbitration panel ruled on Green Jacket's claim, finding that ANI "did not engage in reverse domain name hijacking." (*Id*. at 25). This Court accordingly has jurisdiction over Green Jacket's reverse domain hijacking claim for damages. And Green Jacket's state law conversion claim may also be properly understood as an appeal of the ICANN decision. If the ICANN decision was incorrect, then Green Jacket is entitled to the declaratory relief that it is seeking under its conversion claim. The Court will accordingly deny ANI's motion to dismiss for lack of personal jurisdiction.

**II. Motion to Transfer Venue**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). ANI argues that the Southern District of Georgia is the more appropriate venue because it is the district where it resides, and because it will be more convenient for the witnesses to travel there. (Doc. 13 at 13-17). ANI has the burden of showing that the action should be transferred under 1404(a). *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). Indeed, Defendant "must make a strong showing of inconvenience to warrant upsetting [Plaintiff's] choice of forum." *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir. 1986).

The UDRP rules governing ICANN proceedings specify that parties who submit a complaint, like ANI, must submit to the jurisdiction of at least one of the two mutual jurisdictions. In its initial ICANN Complaint, ANI selected the District of Arizona as the proper mutual jurisdiction to litigate any appeals from that ICANN's decision. (Doc. 13-3 at 12). Under the UDRP rules, Green Jacket was required to bring suit in a jurisdiction

where defendant submitted in order to prevent the transfer of its domain name. And Green Jacket properly followed those procedures when it filed the lawsuit in this District. Any arguments about the inconvenience of litigating this case in Arizona by ANI are undercut by the fact that ANI *itself* selected this forum in its ICANN Complaint.

The first-to-file rule also counsels in favor of keeping this action in Arizona. *See Kohn Law Group Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The Southern District of Georgia properly applied the rule, and found that this action was filed first, and the claims are substantially similar, and transferred the case here. (Doc. 20-1 at 11). The Court will accordingly deny ANI's motion to transfer this case to the Southern District of Georgia, and will consolidate the two actions pending with this Court.

**IT IS THEREFORE ORDERED** that ANI's Motion to Dismiss or Stay Proceedings (Doc. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that ANI's Motion to Transfer Venue (Doc. 13) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to consolidate the following cases *Green Jacket Auctions Incorporated et al v. Augusta National Incorporated*, Case No. CV-18-001276-PHX-GMS, and *Green Jacket Auctions Incorporated et al v. Augusta National Incorporated*, Case No. CV-18-00084-PHX-GMS, **with Case No. CV-18-00084-PHX-GMS as the Lead Case**. All further pleadings shall be filed under the **Lead Case Only** with the caption referenced above.

**IT IS FURTHER ORDERED** that Plaintiffs/Counterdefendants' Response to Defendant/Counterclaimant ANI's Motion for Preliminary Injunction (Doc. 25) shall be filed on or before **November 1, 2018**. ANI shall file a Reply in support of its motion, if it wishes to do so, on or before **November 8, 2018.**

/ / /

/ / /

/ / /

1     **IT IS FURTHER ORDERED** setting Oral Argument for **November 9, 2018 at 1:30 p.m.** in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151. The parties will have thirty (30) minutes each to present their arguments to this Court regarding ANI's Motion for a Preliminary Injunction (Doc. 25 currently filed Case No. CV-18-01276-PHX-GMS).

Dated this 24th day of October, 2018.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge